**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MARK P. SANGILLO,** | ) | Chapter 13 |
| | ) | Case No.: 14-20204 |
| Debtor. | ) | |

**OPINION ON APPLICATION FOR COMPENSATION**

This matter is before me on the Second Application of Molleur Law Office ("MLO") for Compensation for Services (Docket Entry ("DE") 287). In making my determination I have considered, among other things, the second fee application, the objections of debtor Mark P. Sangillo and the Chapter 13 Trustee (DE 295, 301), and MLO's responses to those objections (DE 297, 302). I also reviewed MLO's first fee application, the various objections to it, and MLO's responses (DE 119, 150, 160, 161, 165, and 167).

**Burden of Proof and Applicable Law.**

MLO bears the burden of proof as the applicant. *In re Hansbury*, 2015 WL 2445051, at *1 (Bankr. D. Me. May 20, 2015). The law I apply in reviewing fee applications is set forth in *In re Mullen*, 2014 WL 4988269, at *1 (Bankr. D. Me. Oct. 6, 2014).

**Background.**

Mr. Sangillo filed for bankruptcy relief on March 26, 2014. In January of 2015, MLO filed its first fee application seeking $40,443.05 in fees and $680.37 in costs. There were three objections; one each by the Trustee, creditor Paul Gosselin, and creditor T.D. Bank, N.A. Based on the concerns raised in the objections, I subsequently issued an

1

order allowing $5,000 ($4,319.63 in fees and $680.37 in costs) as interim compensation (DE 285), denying the remainder without prejudice for future consideration upon MLO's filing of the Second Fee Application.

MLO did so on December 30, 2015. This time around MLO sought allowance of an additional $30,811.95 in fees and $474.97 in expenses, and the Trustee and Mr. Sangillo objected. A hearing was held on February 3, 2016. At the hearing and in his papers, the Trustee raised several concerns including:

1. The application was not approved by Mr. Sangillo;

2. It was unclear whether MLO would pursue Mr. Sangillo personally to recover any fees not paid through the Chapter 13 Plan;

3. MLO failed to meet its burden under 11 U.S.C. §330(a)(4)(B);

4. $6,917.50 of time and $443.57 of costs billed were excessive;

5. Fees in excess of $14,000 should not be awarded until meaningful progress towards reorganization was established; and

6. Payment of fees sought by MLO would doom the case, and the fee application failed to satisfy 11 U.S.C. § 330 and LBR 2016(b)-1.

MLO responded to these objections by admitting the first, clarifying the second (MLO confirmed that it would only seek payment of $36,000 through the Plan or pre-petition payments), denying the third and fifth, and asserting that its voluntary agreement to waive collection of over $40,000 overcame the fourth and sixth.

Mr. Sangillo objected on the grounds that the fees sought by MLO exceed the benefits of the case. At the hearing, Mr. Sangillo offered that it was early in the case for the fees to be so high. He added that though MLO and he had a major misunderstanding in the beginning, their working relationship had since then been satisfactory.[1] MLO

---
[1] Mr. Sangillo did not allege any malpractice by MLO in his objection or at the hearing.

2

responded to its client's objections by describing the progress made to date and noting the $40,000 collection waiver.

At the hearing, MLO, the Trustee, and Mr. Sangillo agreed that the matter was appropriate for me determine on the record before me.

## Analysis.

Generally, the Bankruptcy Code permits the award of reasonable compensation for legal services rendered by debtor's counsel in connection with a chapter 13 case provided they were necessary and beneficial to the debtor's estate or the debtor. 11 U.S.C. § 330(a)(4). In keeping with my prior decisions on fee applications and as directed by *Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 69 (1st Cir. 2012), I apply a "flexible paradigm" when I consider and determine fee awards. In doing so here I can dispense with several of the Trustee's objections. First, there is no statute or rule requiring a debtor to approve counsel's fee application, however sensible or politic that might be.[2] Also, MLO's plan to forgo collection of approximately $40,000 of the recovery it seeks, goes a long distance towards mollifying concerns that the bill is too rich for this case at this stage of its journey.[3]

---

[2] Local Rule 9013-1(b) for the United States Bankruptcy Court for the District of Maine touches upon a similar issue: reporting to the court an opposing party's opposition to a motion. It provides:

> Consultation Required. Before filing any motion, the movant shall make a good faith effort to determine whether or not the motion is unopposed. If it is unopposed, the motion shall contain representation that it has been agreed to by the opposing party or parties. Otherwise, the motion shall state that, after consultation, consent could not be obtained or shall state reasons why consultation was not undertaken.

This opinion does not determine whether this rule applies to obtaining client consent prior to filing fee applications, especially in this case where Mr. Sangillo's opposition to the fee application became quite clear by the filing of his objection.

[3] As MLO explained and as the docket entries reveal, Mr. Sangillo faced vigorous opposition in this case. The case is littered with skirmishes over adequate protection, cash collateral, relief from stay, borrowing,

However, MLO's fee application seeks approval of fees and expenses in excess of $72,000[4] and for me to grant that request I would need to conclude that, notwithstanding MLO's willingness to limit its recovery to $36,000, MLO met its burden that the full amount of the fees it seeks are necessary or were based on work that was reasonably likely to benefit the estate or the debtor. 11 U.S.C. § 330(a)(4). Based on the facts set forth in the papers and the arguments made at the hearing, especially those made by Mr. Sangillo, and MLO's own offer to forego collection of more than $40,000, I conclude that MLO has not satisfied that burden with respect to the entirety of its request. I cannot conclude that all services rendered by MLO were necessary or reasonably likely to be beneficial. Therefore, I allow $36,000 in fees and $474.97 in expenses on an interim basis and deny the remainder without prejudice.[5] A separate order shall enter.

Date: March 18, 2016

/s/ Peter G. Cary
Hon. Peter G. Cary
Bankruptcy Court, District of Maine

---

proposed sales and other issues. MLO confronted these challenges, and with the exception of confirmation, resolved them thus providing the benefit of moving the case forward towards completion.

[4] I note that there is a discrepancy between the amount MLO requested in the final sentence of the Second Fee Application and the tally of that same amount as part of the request in the Second Fee Application. For purposes of this decision, that discrepancy does not matter.

[5] The facts of this case highlight some of the problems, and possibly unintended results, that occur when counsel for debtors apply for fees in chapter 13 cases in the First Circuit. As a result of the application of claim preclusion principles, debtors' counsel may be inoculated against malpractice claims by the approval of a prior bankruptcy fee application. *In re Iannochino*, 242 F.3d 36, 49 (1st Cir. 2001). This result is so regardless of whether the debtor has separate counsel in pursuing the objection to the fee application or whether the debtor proceeds *pro se*. *Id*. It may also occur even if the debtor does not understand the risks associated with the failure to object to counsel's fee applications, and regardless of whether debtors counsel have complied with whatever duties may exist under conflicts of interest concepts such as Rule 1.8(a) of the Maine Rules of Professional Conduct. In the instant case, the harsh result that occurred in *Iannochino* (*pro se* debtors' objections to former counsels' fee applications precluded the debtors from subsequently pursuing a state court malpractice action) and the associated confusion regarding possible conflicts of interest are avoided because I am granting the fee and expense award on an interim, as opposed to final, basis.